

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00886-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

**HAYS STREET BRIDGE RESTORATION GROUP**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-19589
Honorable David A. Canales, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

MOTION TO DISMISS GRANTED; APPEAL DISMISSED

This case arises from a breach of contract action involving property located near the Hays Street Bridge in San Antonio, Texas. Appellee, the Hays Street Bridge Restoration Group, sued appellant, the City of San Antonio, alleging the City breached a Memorandum of Understanding by failing to develop a park on the property. The City filed a plea to the jurisdiction asserting governmental immunity from the Restoration Group's breach of contract claim. The trial court denied the plea, and the parties proceeded to trial. A jury found in favor of the Restoration Group. The City appealed, arguing its immunity from suit had not been waived under the Local

Government Contract Claims Act. Alternatively, the City argued the Memorandum of Understanding is not a contract as a matter of law and the evidence is legally insufficient to establish a breach of the contract or injury.

On March 1, 2017, this court held the City was immune from the Restoration Group's breach of contract claim, reversed the trial court's judgment, and rendered judgment dismissing this cause for want of jurisdiction. *City of San Antonio v. Hays Street Bridge Restoration Grp.*, 551 S.W.3d 755, 757-58 (Tex. App.—San Antonio 2017), *rev'd*, 570 S.W.3d 697 (Tex. 2019). This court did not address the City's alternative arguments. On March 15, 2019, the Texas Supreme Court reversed our decision and held the Local Government Contract Claims Act waived the City's immunity from suit. The court remanded the cause for this court to consider the City's alternative arguments. *Hays Street Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 708 (Tex. 2019).

On May 1, 2019, the City filed a motion to dismiss, stating it "no longer desires to pursue this appeal" because it "believes the underlying trial court judgment has been satisfied." On May 13, 2019, the Restoration Group filed a response, stating it does not oppose the motion but arguing that the City's contention that the underlying judgment had been satisfied was specifically rejected by the Texas Supreme Court. The Restoration Group further alleges the City's motion to dismiss "effectively concedes its arguments on these [alternative] issues."

We decline to express any comment as to the merits of the parties' alternative arguments. *See Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998) (stating Texas courts do not have authority to render judgments that constitute advisory opinions); *Hous. Chronicle Pub. Co. v. Thomas*, 196 S.W.3d 396, 401 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("An advisory opinion is one which does not constitute specific relief to a litigant or affect

legal relations."). Instead, we grant the City's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.1(a)(1).

Beth Watkins, Justice